### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SHANE A. KITTERMAN, | ) | |
| # B80577, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 16-cv-00014-SMY |
| | ) | |
| ILLINOIS STATE POLICE DIRECTOR, | ) | |
| TRACIE NEWTON, | ) | |
| and BRENDAN KELLY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Shane Kitterman is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy") for multiple violations of the Illinois Sex Offender Registration Act ("SORA"), 730 ILCS 150/1, *et seq*. Plaintiff maintains that his name should have been removed from the sex offender registry in 2006. Because it was not, he was charged with and convicted of multiple SORA violations.

Proceeding *pro* se, Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983. He sues the unknown Director of the Illinois State Police, Tracie Newton and Brendan Kelly for due process violations, negligence, breach of contract, fraud, and malicious prosecution, among other things. Plaintiff seeks removal of his name from the sex offender registry and monetary damages.

The Court is unable to screen the complaint under 28 U.S.C. § 1915A at this time. To date, Plaintiff has filed eight separate pleadings that appear to collectively represent his complaint or a complaint and numerous amendments to the same. He filed the first of these

pleadings, *i.e.*, a handwritten "Civil Rights Complaint," on January 6, 2016.  It is organized into eleven separate "counts" against three defendants and offers virtually no factual allegations in support of the claims.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought."  FED. R. CIV. P. 8(a).  In addition, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct."  FED. R. CIV. P. 8(d)(1). The complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level."  *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

The complaint (Doc. 1) does not satisfy this standard.  It consists of little more than a list of defendants and legal claims.  The pleading lacks basic factual allegations describing the conduct of each defendant that gives rise to those claims.  Accordingly, Document 1 shall be dismissed for violation of Rule 8.

Plaintiff apparently recognized that something was missing from his complaint.  (Doc. 1). He has since filed the following additional pleadings, each of which set forth new factual allegations and present alternative theories of liability against the defendants: (1) Memorandum of Law (Doc. 1-1) filed January 6, 2016; (2) Motion for Leave to Exercise Supplemental Jurisdiction (Doc. 10) filed on January 27, 2016; (3) Supplemental Memorandum of Law (Doc. 10-1) filed on January 27, 2016; (4) Notice of Prejudicial Actions (Doc. 11) filed on January 27, 2016; (5) proposed Supplemental Complaint filed on January 27, 2016; (6) Declaration (Doc. 12) filed on February 1, 2016; and (7) Motion for Leave to File Amended

Complaint (Doc. 14) on February 18, 2016.  He also requested a blank civil rights complaint form, a "habeas corpus complaint," and a "waiver application."  (Doc. 7).

The Court does not accept piecemeal amendments to the original complaint and will not treat all seven documents listed above as a single complaint.  Because the original complaint (Doc. 1) lacks factual allegations in support of the eleven legal claims set forth therein, it cannot stand alone.  Therefore, the complaint shall be dismissed.  However, the dismissal will be without prejudice.  If Plaintiff wishes to proceed with his claims, he must file a "First Amended Complaint," consistent with the Court's instructions and deadline for doing so in the below disposition.

## Pending Motions

### 1.      IFP Motion (Doc. 2)

Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion"), which is **DENIED** as **MOOT** because Plaintiff has since paid his full $400.00 filing fee for this action.

### 2.      Motion for Recruitment of Counsel (Doc. 3)

Plaintiff has filed a motion for recruitment of counsel, in which he asks this Court to recruit counsel to represent him in this matter.  There is no constitutional or statutory right to counsel in federal civil cases.  *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006).  Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant.  *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647,

654 (7th Cir. 2007)).   If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it."  *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655).  "The question . . . is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial."  *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience."  *Id*.

In his motion, Plaintiff indicates that he needs an attorney to represent him in this matter because this case "require[s] skills not available to plaintiff," who has "some" high school education.  (Doc. 3 at 2).  Plaintiff states that he has contacted attorneys, but they "all want money [he] do[es] not have."  (*Id*. at 1).  Plaintiff does not include letters from attorneys who have declined to represent him in this matter.  He also discloses no health issues that prevent him from proceeding *pro* se at this time.

Upon consideration of the relevant factors, the Court concludes that recruitment of counsel is not appropriate at this time.  The allegations describing Plaintiff's attempts to secure counsel on his own are vague.  Given this, the Court cannot conclude that Plaintiff has made reasonable efforts to secure counsel.

Further, Plaintiff's pleadings are coherent and well-drafted.  He simply failed to include factual allegations in support of each claim in the complaint.  His subsequent pleadings reveal that he has access to the facts necessary to support his claims and the absence of factual allegations was likely an oversight on his part.  He simply needs an opportunity to re-plead his claims.   The Court is providing him with this opportunity.   Under the circumstances, the

recruitment of counsel is not warranted, and the motion (Doc. 3) is **DENIED** without prejudice.

The Court remains open to appointing counsel as the case progresses.

### 3.      Motion for Service of Process (Docs. 3, 16)

Plaintiff also filed a Motion for Service of Process at Government Expense (Doc. 3) and a

Motion for Special Service of Summons (Doc. 16).   A ruling on both motions is hereby

**RESERVED** until after the Court receives Plaintiff's properly amended complaint.

### 4.      Motion for Leave to Exercise Supplemental Jurisdiction (Doc. 10)

Finally, Plaintiff filed a Motion for Leave to Exercise Supplemental Jurisdiction.  To the

extent that Plaintiff seeks leave to amend the original complaint with the attached Supplemental

Memorandum of Law and Supplemental Complaint, the motion is **DENIED**.   The original

complaint and all proposed amendments to the complaint filed to date are being dismissed.

Plaintiff will be granted leave to file a "First Amended Complaint."  He may include related state

law claims in his amended pleading, if he believes it is appropriate to do so.  The Court will then

screen the amended complaint under 28 U.S.C. § 1915A.

### 5.      Motion for Leave to File an Amended Complaint (Doc. 14)

Plaintiff's Motion for Leave to File an Amended Complaint is also **DENIED** as **MOOT**.

This Order requires Plaintiff to file a properly amended complaint in order to proceed with any

of his claims against any defendants.  He is free to add Thomas Trice as a defendant in his First

Amended Complaint.

### 6.      Motion for Clarification (Doc. 15)

Plaintiff's Motion for Clarification is also **DENIED** as **MOOT**.   In it, Plaintiff seeks

information regarding the status of his complaint and his request to proceed IFP.  This Order

fully addresses both issues.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED** for noncompliance with Rule 8 of the Federal Rules of Civil Procedure.

Plaintiff is **GRANTED** leave to file his "First Amended Complaint" **on or before April 8, 2016.** Should Plaintiff fail to file his first amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Further, the dismissal shall count as one of Plaintiff's allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the complaint. For this reason, the amended pleading must stand on its own, without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint.

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. The first amended complaint should set forth all of Plaintiff's claims against the defendants in a *single* pleading. He should refer to the constitutional or statutory ground(s) for relief. Plaintiff should name the proper defendant(s). The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count,

as well as the actions that each defendant took in violation of Plaintiff's rights.  Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors.  Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his new complaint.  Claims against different defendants that are found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.  The first amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form and an instructional packet.   The Clerk is also **DIRECTED** to provide Plaintiff with a copy of his original complaint (Doc. 1) and proposed Supplemental Complaint.   Based on his request for a "habeas corpus complaint," the Clerk is further **DIRECTED** to mail Plaintiff a blank Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.

Plaintiff is **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[2] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

---

[2] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED: March 4, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**
