IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, <br> # B80577, <br>                **Plaintiff,** <br> vs. <br> DIRECTOR, *et al.*, <br>                **Defendants.** | Case No. 16-cv-00014-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is now before the Court for consideration of the Third Amended Complaint filed by Plaintiff Shane Kitterman on September 29, 2016. Like the original Complaint (Doc. 1), Plaintiff's Third Amended Complaint violates Rule 8 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 8. It also represents an egregious violation of this Court's Order Dismissing Complaint (Doc. 17) that was entered on March 4, 2016. Dismissal of the Third Amended Complaint and this action are now warranted. *See* FED. R. CIV. P. 41(b).

### Background

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2016. He is an inmate who is currently incarcerated at Big Muddy River Correctional Center ("Big Muddy") for repeatedly failing to register as a sex offender. Plaintiff claims that his three convictions resulted from the defendants' failure to remove his name from the child sex offender registry a decade ago. In his original Complaint (Doc. 1), Plaintiff named the unknown Illinois State Police Director, the Sex Offender Registration Unit Supervisor (Tracie Newton) and the State's Attorney (Brendan Kelly) claiming due process violations, negligence, breach of contract,

fraud and malicious prosecution among other things. He requested monetary damages and injunctive relief that includes removal of his name from the sex offender registry.

The Court could not screen Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915A because it consisted of approximately eight separate documents filed over the course of five weeks. Document 1, entitled "Civil Rights Complaint," included a list of defendants and a list of legal claims. The document set forth virtually no factual allegations against the defendants. It did not comply with the requirement that a Complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *See* FED. R. CIV. P. 8(a), (d)(1); *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

Plaintiff supplemented Document 1 with seven additional documents.[1] In each, he set forth different factual allegations and legal theories against the defendants. These documents appeared to represent multiple amendments to the original Complaint. As a general rule, however, the Court does not accept piecemeal amendments to a Complaint, particularly not when a plaintiff submits seven of them (*see* Doc. 17, pp. 2-3).

To further complicate matters, Plaintiff also requested a blank civil rights complaint form, habeas petition, and "waiver application" three weeks after filing his original Complaint (Doc. 7). This request suggested that Plaintiff intended to prepare still more amendments to the Complaint.

---

[1] The documents included the following: (1) Memorandum of Law (Doc. 1-1) filed on January 6, 2016; (2) Motion for Leave to Exercise Supplemental Jurisdiction (Doc. 10) filed on January 27, 2016; (3) Supplemental Memorandum of Law (Doc. 10-1) filed on January 27, 2016; (4) Notice of Prejudicial Actions (Doc. 11) filed on January 27, 2016; (5) proposed Supplemental Complaint filed on January 27, 2016; (6) Declaration (Doc. 12) filed on February 1, 2016; and (7) Motion for Leave to File Amended Complaint (Doc. 14) filed on February 18, 2016.

In light of these issues, the Court dismissed the original Complaint on March 4, 2016 (Doc. 17). The dismissal was without prejudice, and Plaintiff was given an opportunity to file a First Amended Complaint on or before April 8, 2016 (Doc. 17, p. 6). Plaintiff was strongly encouraged to use the standard civil rights complaint form supplied by the Court when preparing his First Amended Complaint. In addition, he was given the following warnings and instructions:

> **The Court will not accept piecemeal amendments to the complaint. For this reason, the amended pleading must stand on its own, without reference to any previous pleading.** Plaintiff must re-file any exhibits he wishes the Court to consider along with the first amended complaint.
>
> Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action. **The first amended complaint should set forth all of Plaintiff's claims against the defendants in a *single* pleading.** He should refer to the constitutional or statutory ground(s) for relief. Plaintiff should name the proper defendant(s). The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions that each defendant took in violation of Plaintiff's rights. Plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. He should *include only related claims* in his new complaint. Claims against different defendants that are found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. The first amended complaint is subject to review pursuant to 28 U.S.C. § 1915A.

(*id*. at 6-7) (emphasis added). The Court warned Plaintiff that his failure to file a First Amended Complaint within the allotted time "or consistent with the instructions set forth in this Order" would result in dismissal of the action with prejudice (*id*. at 6) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A).

In response to the Order Dismissing Complaint, Plaintiff filed a 55-page First Amended Complaint (Doc. 18) on March 9, 2016. He also filed a Motion to Stay Proceedings (Doc. 19) in which Plaintiff indicated that he still needed to exhaust his administrative remedies before proceeding with his claims. Plaintiff asked the Court to "stay these proceedings until such time as the exhaustion of State remedies" is complete (Doc. 19, p. 1). The Court denied the motion after explaining that the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires a prisoner to exhaust all available administrative remedies before filing suit under 42 U.S.C. § 1983 (*see* Doc. 20).

Plaintiff then filed a Motion to Dismiss (Doc. 21), in which he requested dismissal of all claims against Brendan Kelly because Plaintiff had not yet exhausted his administrative remedies for these claims. However, Plaintiff asserted that he did exhaust his administrative remedies for all other claims. Before the Court ruled on that motion or screened the First Amended Complaint, Plaintiff filed a Motion to Amend Complaint (Doc. 22) on June 15, 2016, along with a proposed Second Amended Complaint and Memorandum of Law totaling 53 pages. He then supplemented this proposed Second Amended Complaint with a 4-page "lost" exhibit on June 17, 2016 and a 6-page exhibit that he inadvertently excluded from his proposed Second Amended Complaint on June 20, 2016.

Plaintiff next filed a 19-page "Declaration" with a 24-page exhibit on July 13, 2016 as well as a 10-page Motion to Issue Summons and Injunction (Doc. 23) on July 19, 2016. Still not satisfied, Plaintiff filed yet another Motion to Amend Complaint (Doc. 27) on September 21, 2016 along with a proposed Third Amended Complaint that totaled 59 pages. Just eight days later on September 29, 2016, Plaintiff filed a Second Motion for Leave to File Third Amended Complaint (Doc. 28) along with a 55-page proposed Third Amended Complaint and a 39-page

exhibit.  In all, Plaintiff has filed *four* amended complaints totaling 324 pages since the date this Court granted him leave to file a *single* First Amended Complaint.

In order to screen this case, the Court must determine which of the four proposed amendments it will review.  The Court will consider only the most recent amendment, which is the Third Amended Complaint filed on September 29, 2016.  The Court therefore **GRANTS** Plaintiff's Second Motion for Leave to File Third Amended Complaint (Doc. 28).  The Clerk will be directed to file the 55-page Third Amended Complaint and 39-page exhibit together as the "Third Amended Complaint" in CM/ECF.  The Third Amended Complaint supersedes and replaces all prior Complaints, rendering them **VOID**.

The Third Amended Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to dismiss any portion of the pleading that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).  The Third Amended Complaint does not survive preliminary review, however, because it does not comply with Rule 8 of the Federal Rules of Civil Procedure or this Court's Order Dismissing Complaint (Doc. 17).  Accordingly, the Third Amended Complaint shall be dismissed.

### Third Amended Complaint

Plaintiff's Third Amended Complaint represents a significant departure from his original Complaint.  Plaintiff expands his list of 3 defendants in the original Complaint to 70 defendants in the Third Amended Complaint.  He increases the number of claims against these defendants from 11 in the original Complaint to at least 46 in the Third Amended Complaint.

His claims arise from three convictions in Illinois state court for violations of the Child Sex Offender Registration Act in 2012, 2014, and 2015.  Plaintiff insists that his obligation to register as a sex offender ended years before these violations.  However, the defendants failed or refused to remove his name from the registry.

He brings state law claims against the defendants for breach of contract, negligence, intentional infliction of emotional distress, malicious prosecution, and false imprisonment, among others, in his 54-page statement of claim.  In Counts 45 and 46, Plaintiff also incorporates his 30-page Second Amended Complaint by reference and includes a complete copy of it as an exhibit to the Third Amended Complaint.  Therefore, the Third Amended Complaint actually consists of *two* amended complaints, not one.  Between the two, the statement of claim totals 84 pages and encompasses more than 46 claims.  The Second Amended Complaint includes an additional 12 claims.  If Plaintiff intended to incorporate all of these claims into the Third Amended Complaint, he now brings a total of 58 claims against 70 defendants.

## Discussion

Rule 8 of the Federal Rules of Civil Procedure sets forth general requirements for properly pleading claims in a Complaint.  This rule requires a Complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a).  Rule 8(d) requires that each allegation within the complaint be "simple, concise, and direct."  FED. R. CIV. P. 8(d)(1).  The purpose of these rules is to "give defendants fair notice of the claims against them and the grounds for supporting the claims."  *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (7th Cir. 2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  These rules "require[ ] parties to make their pleadings straightforward, so that judges and adverse parties need not try to

fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The Order Dismissing Complaint (Doc. 17) incorporated these requirements into the instructions for filing a First Amended Complaint.

Plaintiff was also instructed to file an amended complaint that "stand[s] on its own, without reference to any previous pleading" (*id*. at 6). He was repeatedly warned that the Court "will not accept piecemeal amendments to the complaint" (*id*. at 3, 6). For that reason, the Amended Complaint must "set forth all of Plaintiff's claims against the defendants in a *single* pleading" (*id*. at 6). Plaintiff was ordered to file a pleading that "refer[s] to the constitutional or statutory ground(s) for relief" against each defendant (*id*.). He was ordered to include a coherent statement of the "facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors" and to "refrain from filing unnecessary exhibits" (*id*. at 7). He was also instructed to "*include only related claims* in his new complaint" because unrelated "[c]laims against different defendants . . . [would] be severed into new cases" and new filing fees would be assessed[2] (*id*.). Finally, the Court warned Plaintiff that failure to follow the Court's instructions would result in dismissal of the action with prejudice and may even result in the assessment of a "strike" (*id*.) (citations omitted).

Plaintiff totally disregarded the Court's Order when he filed four Amended Complaints, instead of one. He submitted 324 pages of materials that address virtually none of the deficiencies noted in the Order Dismissing Complaint. As such, Plaintiff only compounded the problems noted by the Court.

---

[2] The Third Amended Complaint may very well run afoul of *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007), which holds that unrelated claims against different defendants belong in separate lawsuits. However, it is not necessary to reach this issue because the many violations of this Court's Order Dismissing Complaint and Rule 8 provide grounds for immediate dismissal of the Third Amended Complaint and this action.

Length, which was not a problem in the original Complaint, is now a significant issue. Plaintiff's Third Amended Complaint is 94 pages long. It includes not one, but *two*, Amended Complaints because Plaintiff has filed the Second Amended Complaint as an exhibit to the Third Amended Complaint and incorporated it by reference therein. Between the two, the statement of claim now totals 84 pages. The number of defendants has increased by 67 and the number of claims by more than 35.

While length alone does not usually justify dismissal of a Complaint, unintelligibility and a lack of organization do. *Stanard*, 658 F.3d at 797-98; *Garst*, 328 F.3d at 378. "Length may make a complaint unintelligible[ ] by scattering and concealing in a morass of irrelevancies the few allegations that matter." *Garst*, 328 F.3d at 378. Plaintiff's Third Amended Complaint crosses the line from long to unintelligible. *Stanard*, 658 F.3d at 798.

At first glance, the Third Amended Complaint appears to be both well-organized and coherent. Plaintiff numbers his paragraphs and his counts. Standing alone, each allegation is coherent, and each sentence is well-constructed. Upon closer inspection, however, it is unclear what Plaintiff is trying to accomplish. For example, he only brings state law claims in his Third Amended Complaint. This, alone, is reason to dismiss the Third Amended Complaint, albeit without prejudice. The Court generally does not exercise supplemental jurisdiction over state law claims where no federal claim survives preliminary review. "[T]he usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

Plaintiff confuses matters further when he attempts to incorporate his 12-count, 66-paragraph Second Amended Complaint into 2 counts of this Third Amended Complaint. The Court simply has no idea what Plaintiff is trying to accomplish by doing this. The fact that

he has named 67 additional defendants and 35 or more additional claims suggests that he has merely taken a "kitchen sink" approach, in an attempt to state a claim—any claim—for relief. The Court is left to sort through Plaintiff's "bucket of mud" in search of a "gold coin," and it declines to waste any more of its judicial resources doing so because it is not necessary. *See Garst*, 328 F.3d at 378. This "kitchen sink" approach to preparing an Amended Complaint is not acceptable. *Stanard*, 658 F.3d at 798.

Plaintiff followed virtually none of the Court's orders for properly amending his pleading. He blatantly disregarded the instructions and warnings set forth in the Order Dismissing Complaint (Doc. 17). Thus, his Third Amended Complaint is subject to dismissal for failure to comply with an order of this court (*see id*.). FED. R. CIV. P. 41(b).

Dismissal is also warranted based on Plaintiff's egregious violation of Rule 8, which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). The Third Amended Complaint is unintelligible, and a dismissal on this ground is not only warranted, it is "unexceptionable." *Stanard*, 658 F.3d at 798.

Plaintiff has now had two opportunities to file a Complaint that complies with the Federal Rules of Civil Procedure. He has taken more than two opportunities to do so, by filing his original Complaint and four proposed Amended Complaints. He will not be granted another opportunity to amend his Complaint: "[D]istrict courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Stanard*, 658 F.3d at 797 (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Granting Plaintiff another opportunity to amend his Complaint is not warranted here, where he has repeatedly ignored the Court's

instructions for amending and failed to take any steps to cure the deficiencies noted in the Order Dismissing Complaint.

Accordingly, the Third Amended Complaint shall be dismissed because of Plaintiff's repeated failure to follow this Court's basic instructions for amending his Complaint in compliance with Rule 8.  *See* FED. R. CIV. P. 41(b).  However, in light of the fact that his claims arise under state law, the dismissal of Plaintiff's Third Amended Complaint will be without prejudice to Plaintiff pursuing relief in Illinois state court.  *See* 28 U.S.C. § 1915A; FED. R. CIV. P. 41(b).  *See also generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

## Pending Motions

Plaintiff's Second Motion for Leave to File Third Amended Complaint (Doc. 28) is **GRANTED**.

Plaintiff's Motion to Dismiss Brendan Kelly (Doc. 21) as a defendant in this action is also **GRANTED**.  All claims against this defendant are considered **DISMISSED** without prejudice.[3]

Plaintiff's other pending motions (Docs. 3, 16, 22, 23, and 27) are **DENIED** as **MOOT**.

## Disposition

The Clerk is **DIRECTED** to file the proposed 55-page Third Amended Complaint and 39-page Exhibit that Plaintiff filed with the Court on September 29, 2016 together as the "Third Amended Complaint" in CM/ECF.

**IT IS HEREBY ORDERED** that the Third Amended Complaint and this action are **DISMISSED** without prejudice because of Plaintiff's repeated instances of noncompliance with

---

[3] This Court notes that Plaintiff commenced a new action against this defendant before receiving a ruling on this motion.  *See Kitterman v. Baricevic*, No. 16-cv-01099-MJR (S.D. Ill. Sept. 29, 2016).

Rule 8 of the Federal Rules of Civil Procedure and this Court's Order Dismissing Complaint (Doc. 17).  This dismissal shall <u>not</u> count as a "strike" under 28 U.S.C. § 1915(g).  Plaintiff is free to pursue his state law claims in Illinois state court.

If Plaintiff wishes to appeal this dismissal, his Notice of Appeal must be filed with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A Motion for Leave to Appeal *In Forma Pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  However, a Rule 60(b) motion for relief from a final judgment, order, or proceeding does not toll the deadline for an appeal.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 7, 2016**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**