IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANE A. KITTERMAN, # B80577, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 16-cv-00014-SMY ) |
| DIRECTOR, *et al.*, | ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Now before the Court is a Motion to Reconsider Judgment Dismissing Civil Action (Doc. 32) filed by Plaintiff Shane Kitterman on November 18, 2016. For the reasons set forth herein, the Motion is **DENIED**.

## **Background**

Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 6, 2016. The Complaint was organized into 11 separate counts against 3 defendants. (Doc. 1). Plaintiff offered few factual allegations in support of his claims in the original Complaint. *Id*. Instead, he filed a steady stream of proposed amendments to the Complaint during the next six weeks. (Docs. 1-1, 7, 10, 10-1, 11, 12, and 14). In each, he set forth new factual allegations and alternative theories of liability against the defendants. *Id*.

On March 4, 2016, the Court dismissed the Complaint for violating Rule 8 of the Federal Rules of Civil Procedure. (Doc. 17). In the Order Dismissing Complaint, the Court explained that Rule 8 requires a Complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." FED. R. CIV. P. 8(a).

1

Each allegation must be "simple, concise, and direct." FED. R. CIV. P. 8(d)(1). The Complaint must "actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). The Court found that Plaintiff's Complaint violated these requirements because it consisted of little more than a list of legal claims and defendants, without basic factual allegations describing the conduct of each defendant that resulted in the violation of Plaintiff's constitutional rights. (Doc. 17, p. 2). The Court did not accept Plaintiff's piecemeal amendments to the Complaint (Docs. 1-1, 7, 10, 10-1, 11, 12, and 14) or construe them together as a unified Complaint. (Doc. 17, pp. 2-5).

Plaintiff was granted leave to file an amended complaint on or before April 8, 2016. (Doc. 17, p. 6). He was instructed to "set forth all of [his] claims against the defendants in a *single* pleading" and "present each claim in a separate count . . . and specify, *by name*, each defendant alleged to be liable under the count, as well as the actions that each defendant took in violation of Plaintiff's rights." *Id*. Plaintiff was warned that the Court would not accept piecemeal amendments. *Id*. In addition, the Court specifically advised Plaintiff: "**Should Plaintiff fail to file his first amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice**." (Doc. 17, p. 6) (emphasis added) (citing FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A)).

Plaintiff responded by filing 4 amended complaints totaling 324 pages. (Doc. 29, pp. 4-5). Because each new amendment supersedes and replaces all prior amendments, the Court accepted the last version submitted by Plaintiff as the operative pleading. (Doc. 29, p. 5). The 55-page Third Amended Complaint included 39 pages of exhibits. (Doc. 28). Instead of 3

defendants as named in the original Complaint, Plaintiff named 70 defendants in the Third Amended Complaint. Instead of 11 counts as in the original Complaint, he set forth at least 46 counts in the Third Amended Complaint. In addition, Counts 45 and 46 incorporated Plaintiff's entire 30-page Second Amended Complaint by reference and the Second Amended Complaint was submitted as an exhibit to the Third Amended Complaint. Between the two, the statement of claim consisted of 84 pages and encompassed well over 46 claims.[1] Virtually all of Plaintiff's claims arose under state law.

After reviewing the Third Amended Complaint, the Court concluded that it represented an egregious violation of the Court's Order Dismissing Complaint (Doc. 17) and warranted dismissal of the Third Amended Complaint and the action. (Doc. 29, p. 9). The Court noted that "Plaintiff followed virtually none of the Court's orders for properly amending his pleading. He disregarded the instructions and warnings set forth in the Order Dismissing Complaint". *Id*. Dismissal of the Complaint was warranted based on his continued violation of Rule 8. Further, dismissal of the action was warranted because of Plaintiff's failure to comply with the Order Dismissing Complaint. *Id*. Rather than dismissing the action with prejudice, however, the Court entered an Order Dismissing Case without prejudice on November 7, 2016. (Doc. 29). No "strike" was assessed against Plaintiff under 28 U.S.C. § 1915(g). *Id*.

## **Motion to Reconsider**

Plaintiff filed a Motion to Reconsider Judgment Dismissing Civil Action (Doc. 32) on November 18, 2016. In it, Plaintiff asks the Court to excuse him from the requirements for amending his Complaint that were set forth in the Order Dismissing Case (Doc. 29). Plaintiff insists that he "had no idea that the Court's order was mandatory and that by not using a predetermined form that prevented the Plaintiff from fully describing the events that caused his

---

[1] The Second Amended Complaint set forth 12 claims.

injury would subject him to the dismissal of his civil action in its entirety." (Doc. 32, p. 3). He also challenges the Court's conclusion that the Third Amended Complaint violates Rule 8, stating, "This finding . . . could not be further from the truth. . . . The complaint describes actions of more than 70 people over 20 plus years. How much more short and plain can the Plaintiff make his complaint." *Id*.

## Discussion

A motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to either Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994). Different time-tables and standards govern these motions.

Rule 59(e) authorizes relief only in "exceptional cases" and permits a court to amend a judgment only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *Willis v. Dart*, 671 Fed. App'x 376, 377 (7th Cir. 2016) (quoting *Gonzalez–Koeneke v. W.*, 791 F.3d 801, 807 (7th Cir. 2015); *Heyde v. Pittenger*, 633 F.3d 512, 521 (7th Cir. 2011)). *See also Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). A Rule 59(e) motion must be filed within 28 days of the order being challenged.

Likewise, relief under Rule 60(b) is "an extraordinary remedy that is to be granted only in exceptional circumstances." *Willis*, 671 Fed. App'x at 377 (quoting *Provident Sav. Bank v. Popovich*, 71 F.3d 696, 698 (7th Cir. 1995); *see also N. Cent. Ill. Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 168 (7th Cir. 1988) (internal marks omitted) (describing a Rule 60(b) ruling as "discretion piled upon discretion")). Rule 60(b) permits a court to relieve a party from an order or judgment based on such grounds as mistake, surprise or excusable neglect

by the movant; fraud or misconduct by the opposing party; a judgment that is void or has been discharged; or newly discovered evidence that could not have been discovered within the 28-day deadline for filing a Rule 59(e) motion.

Although Plaintiff's motion is considered timely under Rules 59(e) and 60(b), he is entitled to relief under neither. Plaintiff seeks to be excused from the formal requirements for amending his complaint because he considered them to be optional. It is true that the Court only recommended that he use this District's standard civil rights complaint form to prepare his amended complaint. However, despite Plaintiff's assertion to the contrary, the Court did not base its decision to dismiss the Third Amended Complaint and this case on the fact that he declined to use the form.

Plaintiff flagrantly disregarded the clearly stated requirements for amending his Third Amended Complaint, such as the Court's orders to refrain from filing piecemeal amendments, to "set forth all of [his] claims against the defendants in a *single* pleading," "present each claim in a separate count . . . and specify, *by name*, each defendant alleged to be liable under the count, as well as the actions that each defendant took in violation of Plaintiff's rights." (Doc. 17, p. 6). He filed four proposed amended complaints. The final version, which was filed herein as the Third Amended Complaint, included the entire Second Amended Complaint as an exhibit and incorporated it by reference in Counts 45 and 46. This represents a clear violation of the requirements for amending. Plaintiff also expanded his list of defendants from 3 to 70 individuals. His claims against them date back 20 years, and the allegations are not "simple" or "concise." The consequences of these violations were no mystery. On the same page where these requirements were set forth, the Court explicitly stated: "**Should Plaintiff fail to file his**

**first amended complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice**." *Id*.

Plaintiff also maintains that he satisfied all Rule 8 requirements when he expanded his 11 claims against 3 defendants to more than 46 claims against 70 defendants in two complaints that were filed as a single document. This is a dramatic departure from his original Complaint, which was also dismissed under Rule 8. As previously stated, the Third Amendment Complaint clearly violates the requirement that a plaintiff set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" and that the allegations in a complaint must be "simple, concise, and direct." FED. R. CIV. P. 8(a), 8(d)(1). The problems with the Third Amended Complaint far exceed its length. Taken as a whole, Plaintiff's submissions are unintelligible and in clear violation of the Order Dismissing Case. Plaintiff has pointed to no manifest error of law or fact, newly discovered evidence, excusable neglect, or otherwise, that warrants a different outcome in this matter.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reconsider Judgment Dismissing Civil Action (Doc. 32) is **DENIED**.

If Plaintiff wishes to appeal the dismissal of his case, his notice of appeal must be filed with this court within thirty days of the entry of this order. FED. R. APP. P. 4(a)(1)(A); *York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 401 (7th Cir. 2011). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v.*

*Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a/ another "strike." 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: July 3, 2017**

s/STACI M. YANDLE_____<br>
STACI M. YANDLE<br>
United States District Judge